IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:09-cr-00240-27 |
| v. | ) | |
| | ) | Judge Nixon |
| BRICE N. MARCHBANKS | ) | |

## ORDER

Pending before the Court is Defendant Brice N. Marchbanks's Motion to Sever ("Motion"). (Doc. No. 1037.) The Court held a hearing on December 17, 2012, at which time the Government stated it has no objection to Mr. Marchbanks's Motion.

Mr. Marchbanks was originally indicted in this case in 2011, in the Seventh Superseding Indictment (Doc. No. 708), and was most recently charged in the Ninth Superseding Indictment, with two counts, maintaining a drug house (Count 28) and possessing a firearm in furtherance of a drug trafficking crime (Count 29). (Doc. No. 1408-19.)

Mr. Marchbanks requests that he be severed from the rest of the defendants in this case under Federal Rule of Criminal Procedure 14. (Doc. No. 1037.) Mr. Marchbanks argues that he is the only person alleged in the counts against him, and that he is not alleged to have participated or conspired in any of the remaining charges in this case. (*Id.*) Mr. Marchbanks also points out that he is a named victim in one of the charges alleged against two other defendants in the Ninth Superseding Indictment. (*Id.*) Mr. Marchbanks argues that having to be tried with the other defendants in this case will substantially prejudice him because he is not charged in any conspiracy, and therefore he faces a substantial risk that statements of other defendants' co-conspirators might be used against him. (*Id.*) Finally, Mr. Marchbanks contends

1

that the joinder of his trial with that of his the other defendants in this case could cause prejudicial jury confusion. (*Id.*)

Federal Rule of Criminal Procedure 14 states that "[i]f the joinder of offenses or defenses in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. Rule Crim. P. 14(a). The Sixth Circuit has held that even if joinder is appropriate under Rule 8, a court may order severance under Rule 14. *United States v. Cobb*, 397 F. App'x 128, 136–37 (6th Cir. 2010).

After reviewing the filings on this matter, the Court cannot conclude that there will be no significant prejudice against Mr. Marchbanks if he is tried with other defendants in this case. Further, the Court finds that because Mr. Marchbanks is the only defendant charged in Counts twenty-eight and twenty-nine, trial convenience and judicial efficiency are not benefitted by trying Mr. Marchbanks with the other defendants in this case. The Court therefore finds that it is prudent to sever Mr. Marchbanks from the other defendants in the Ninth Superseding Indictment and try him separately. Accordingly, Mr. Marchbanks's Motion is **GRANTED** and the Court **SEVERS** Mr. Marchbanks from the remaining defendants in the Ninth Superseding Indictment for the purposes of trial.

It is so ORDERED.

Entered this the \_\_18\_\_ day of December, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT